# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

CHARLES M. KNAPP, Respondent, v. HENRIETTA J. HUNGERFORD AND OTHERS, Appellants.

*Parol agreement to convey land — made by ancestor binds heirs — Evidence as to statements of ancestor — Action for partition of such land — what interests may be considered in — proper judgment in — Referee — powers of, as to amendments.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

In May, 1873, Thomas Knapp died seized of a farm of land situated in the town of Lafayette, in the county of Onondaga. He left surviving him six children, his only heirs at law. During the life of the father the plaintiff, one of his children, took a farm to work upon shares a short distance from the residence of his father and went into possession of it. The father was an old man, incapable of carrying on his farm alone, and he offered to the plaintiff that if he would return and take charge of the farm and build a house thereon at a place designated, he (the father), would give the plaintiff a deed of the lot so designated. The plaintiff returned, built a house on the lot designated at an expense of some $400 or $500, removed his family into the house and remained there for a time, and then rented it to one of his brothers.

This action is brought by the plaintiff to obtain a partition of the farm amongst the heirs, and in the event of a sale being necessary, to have the amount expended in building the house charged on the proceeds of such sale and paid to him, in addition to his share of the proceeds, as one of the heirs of his father.

Some of the heirs who were made parties defendant did not appear in the action, and judgment passed against them by default; and others appeared and by their answers denied the allegations in

the complaint, as to the agreement between the plaintiff and his father.

The issues were referred for trial to a referee who, after hearing the proofs and allegations of the parties, found the facts substantially as alleged in the complaint, and ordered judgment that each of the parties to the action was entitled to one undivided sixth part of said premises; that they could not be partitioned without injury to the parties and that they should be sold; he also held that plaintiff was entitled to recover out of the proceeds the sum of $400, paid out in the erection of the house on the farm, in addition to one sixth part as heir of his father.

From this judgment Henrietta J. Hungerford, Caroline A. Gates and Cornelia Gates, three of the heirs at law, appealed to this court.

On the trial the plaintiff called a witness to prove the agreement between the plaintiff and his father, Jonathan Hotaling, being a brother-in-law of Thomas Knapp, deceased, who testified that before the plaintiff built the house on his father's farm he, witness, had a conversation with Thomas in which he, Thomas, told the witness that he was going to get his son to live with him, he was getting old and not able to carry on the farm. That he was going to let Charles, the plaintiff, have a piece of land to build a house on, the same piece on which his son George had begun to build a cellar, etc.

The court at General Term say: " A parol agreement between an ancestor and a third person, by which the former for a valid consideration agrees to sell and convey land to the latter, when performed by the purchaser, binds the heirs of the vendor, and the admissions of the ancestor are competent evidence against them to establish such agreement. (*Mattoon* v. *Young*, 45 N. Y., 696; *Spaulding* v. *Hallenbeck*, 39 Barb., 79; *Schenck* v. *Warner*, 37 id., 258; 1 Cowen & Hill's Notes to Phillips' Evidence, 646.) The evidence being competent it authorized the finding of the contract alleged in the complaint between the plaintiff and his father.

That agreement was supported by a valuable consideration, to wit, the erection of the house at the request of the father, and upon his agreement to convey the land. (*Lobdell* v. *Lobdell*, 36 N. Y., 327.) * * * The parol agreement being proved, the plaintiff acquired thereby, and by the performance on his part of the same,

an equitable interest in, and title to the land on which the house was built, and that equity binds the land so agreed to be conveyed in the hands of the heirs at law, and they are bound to convey their interest in the same to the plaintiff. The referee could not compel the heirs to take the house and pay the plaintiff either what it cost him or what it was worth, without their consent.

\* \* \* As a general rule, it is not admissible in actions for partition to try conflicting claims to the legal title, but the equitable rights and claims may be determined in such an action. (*Coxe* v. *Smith*, 4 Johns. Ch., 271; *German* v. *Machin*, 6 Paige, 288; *Conklin* v. *Conklin*, 3 Sandf. Ch., 64; *St. Felix* v. *Rankin*, 3 Edw., 323; *Town* v. *Needham*, 3 Paige, 545.)

The court, before it will order a sale of land in partition cases, requires that all those having an interest in them should be made parties to the action, to the end that the purchaser may get a perfect title to it. Hence the wives of those entitled to a share of the land must be made parties.

\* \* \* The referee has power to amend a complaint on the trial, by striking out or inserting the name of a party, upon such terms as he shall deem just, having, by section 272 of the Code, the same power of amendment in this respect as the court has. (3 Wait's Pr., 276.)

\* \* \* The judgment appealed from must be amended by striking therefrom all that relates to the payment to the plaintiff, out of the proceeds of the farm, of $400 for the house, and, instead thereof, there must be inserted a provision requiring the heirs of said Thomas Knapp to convey to said plaintiff their interests in the lot of land on which the house erected by plaintiff stands, with covenants against their own acts; and that the residue of said farm be sold, and the proceeds divided as provided in said decree. The costs of both parties to this appeal to be paid out of the fund."

*Ruger & Jenney*, for the appellants. *Hiscock, Gifford & Doheny*, for the respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Judgment modified as per opinion of MULLIN, P. J., and as modified affirmed, costs of both parties to be paid out of the fund